IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02585-WYD-KLM

MARIA RIVERA,

      Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

      Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion to Clarify Plaintiff's Right to Conduct Discovery** [Docket No. 22; Filed May 10, 2012] (the "Motion to Clarify") and the **Joint Motion to Modify Scheduling Order to Extend Deadline to File Motion for Summary Judgment**[1] [Docket No. 29; Filed July 2, 2012] (the "Joint Motion to Modify"). Defendant filed a Response in opposition to the Motion to Clarify on June 15, 2012 [#27], and Plaintiff filed a Reply on June 29, 2012 [#28]. The Motion to Clarify is thus ripe for review and referred to this Court for resolution. *See* [#23]. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Clarify, and **GRANTS** the Joint Motion to Modify.

**I. Background**

Plaintiff filed the instant action to recover long-term disability and life insurance

---

[1] The Court believes that the title of the Motion to Modify is incorrect, as the text of the Motion to Modify indicates that parties request an extension of time for the filing of Plaintiff's Opening Brief. *See* [#29] at 2. The Court thus disregards the title of the Motion to Modify and issues an order regarding the requested relief stated therein.

waiver of premium benefits to which she believes she is entitled pursuant to the policies of her former employer, Fairfield Residential. *Sched. Ord.*, [#11] at 2.  Plaintiff asserts that Defendant wrongfully terminated her benefits effective December 12, 2010 (long term disability) and January 5, 2011 (life insurance waiver of premium), on the basis of evidence indicating that Plaintiff could perform duties of certain other occupations. *See id.* at 4, 6. Plaintiff internally appealed the decision, which was upheld on September 13, 2011, thereby exhausting her administrative remedies. *Id.* at 4.  This litigation followed.

Plaintiff seeks to supplement the Administrative Record [#12] with limited discovery related to the alleged conflict of interest arising from Defendant's dual role as the administrator of the benefits plan and the payer of the benefits, focused on the following three areas: (1) information regarding the physicians who reviewed Plaintiff's receipt of benefits; (2) information regarding "the individuals responsible for terminating [Plaintiff's] claim"; and (3) information regarding Defendant's internal policies and procedures. *See* [#22].  The Court addresses each request in turn, below.

## II.  Analysis

The parties agree that Defendant's denial of benefits to Plaintiff is subject to deferential review by the district court under an arbitrary and capricious standard. *See Sched. Ord.*, [#11].  Under this standard of review, a plan administrator's decision will be upheld so long as it has a reasoned basis. *Adamson v. Unum Life Insurance Co. of Am.,* 455 F.3d 1209, 1212 (10th Cir. 2006).  "Indicia of arbitrary and capricious actions include a lack of substantial evidence, a mistake of law, and bad faith." *Buchanan v. Reliance Standard Life Ins. Co.,* 5 F. Supp. 2d 1172, 1180 (D. Kan.1998).  The Tenth Circuit, like a majority of other courts, has held that "[i]n determining whether the plan administrator's decision was arbitrary and capricious, the district court generally may consider only the

arguments and evidence before the administrator at the time it made that decision." *Sandoval v. Aetna Life & Cas. Ins. Co.,* 967 F.2d 377, 380 (10th Cir. 1992); *see also Hall v. Unum Life Ins. Co. of Am.*, 300 F.3d 1197, 1201 (10th Cir. 2002); *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan,* 195 F.3d 975, 981 (7th Cir. 1999); *Miller v. United Welfare Fund,* 72 F.3d 1066, 1071 (2d Cir. 1995).

However, in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), the Supreme Court recognized that when an insurer "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket ... [it] creates a conflict of interest." *Id.* at 108. Therefore, "a reviewing court should consider whether the plan administrator has abused its discretion in denying benefits; and ... the significance of the factor will depend upon the circumstances of the particular case." *Id.* Plaintiff bears the burden of demonstrating a conflict of interest. *Fought v. Unum Life Ins. Co. of America*, 379 F.3d 997, 1005 (10th Cir. 2004).

In accord with *Glenn*, courts in this district and elsewhere have allowed limited discovery related to the conflict of interest issue. *See Calvert v. Firstar Finance, Inc.,* 409 F.3d 286, 293 n.2 (6th Cir. 2005) (recognizing that bias on the part of the administrator may be grounds for allowing discovery); *Orndorf v. Paul Revere Life Ins. Co.,* 404 F.3d 510, 520 (1st Cir. 2005) (finding that "evidence outside the administrative record might be relevant to a claim of personal bias by a plan administrator"); *Almeida v. Hartford Life & Accident Ins. Co.*, No. 09-cv-01556-ZLW-KLM, 2010 WL 743520, at *1 (D. Colo. Mar. 2, 2010) (granting motion for limited discovery on conflict of interest issue); *Dubrovin v. Ball Corp. Consol. Welfare Benefit Plan for Employees*, 626 F. Supp. 2d 1099, 1104-05 (D. Colo. 2008) (limited discovery related to possible conflict permitted); *Kohut v. Hartford Life and Accident Ins. Co.*, No. 08-cv-00669-CMA-MJW, 2008 WL 5246163, at *12 (D. Colo. Dec.

16, 2008) (discovery allowed because conflict of interest may not appear on face of administrative record)*; Paul v. Hartford Life and Accident Ins. Co.*, No. 08-cv-00890-REB-MEH, 2008 WL 2945607, at *2 (D. Colo. July 28, 2008) (collecting cases).   Evidence of a conflict of interest may appear on the face of the plan, by evidence of improper incentives, or through proof of a pattern or practice of unreasonably denying meritorious claims. *Glenn*, 554 U.S. at 123 (Roberts, J.,concurring).

### A.   Reviewing Physicians

Plaintiff included proposed interrogatories and requests for production with her Motion.  *See* [#22-1].  Interrogatories 5-12 and Requests for Production 6 and 7 concern information regarding the four physicians who provided opinions regarding Plaintiff's disability.  [#22] at 6-8.  Plaintiff bases her discovery requests as to these physicians on case precedent indicating that physicians who perform reviews repeatedly for the same benefit plan may be influenced by the incentive to maintain that business relationship, and because of such influence, may be inclined to slant their medical reviews in favor of the denial of benefits.  *See id.*

Defendant objects to Interrogatories 7 and 9 and Requests for Production 6 and 10. [#27] at 8.  Defendant argues that Plaintiff is incorrect regarding the alleged conflict of interest arising from Defendant's "use of physician consultant," and that the "raw data" sought by these requests is irrelevant to the issue of a conflict of interest.  *Id.*  Defendant contends that the "raw data" requests implicate "hundreds, if not thousands, of unrelated ERISA plans and claims," which are irrelevant to Plaintiff's own claim of bias on part of the physicians.  *Id.* at 12.   Further, Defendant asserts undue burden, because "the documentation . . . is not maintained in a format that is accurately searchable.  A manual search would therefore be required."  *Id.* at 14.

The Court has previously determined that the extent of any alleged conflict of interest could be shown by how an ERISA defendant instructs third party consultants, doctors and reviewers and/or whether the ERISA defendant provides incentives to such third parties. *Almeida*, 2010 WL 743520, at *3 (citing *Glenn*, 554 U.S. at 123). Further, a number of courts have concluded that the information sought by Plaintiff regarding third parties is relevant to the conflict of interest issue. *See, e.g., Hackett v. Standard Ins. Co.*, No. CIV. 06-5040, 2009 WL 3062996, at *8 (D.S.D. Sept. 21, 2009); *Fischer v. Life Ins. Co. of N. Am.*, No. 1:08-cv-0396-WTL-TAB, at *4 (S.D. Ind. Mar. 1, 2009); *Hogan-Cross v. Metro. Life Ins.*, 568 F. Supp. 2d 410, 414 (S.D.N.Y. 2008).

Similar to *Almeida*, and as applied to this matter, the undersigned agrees with the conclusion of these courts. The third party information requested by Plaintiff is relevant to the conflict of interest issue, with the exception of Request for Production 10, which seeks copies of physician reviews of other potential benefits recipients. Interrogatory 7 is relevant to the question of financial incentives provided to reviewing physicians; Interrogatory 9 is relevant to the ratio of awarded benefits to reviews conducted by the physicians in question (and should not be unduly burdensome to produce, considering that Defendant is already producing information responsive to Interrogatories 6 and 8); and Request for Production 6 is relevant as to the instructions for review provided to the physicians by Defendant. However, the Court does not believe that Request for Production 10 is relevant, particularly in light of the discovery responsive to Interrogatories 6 and 8. Although Plaintiff contends that documents responsive to Request for Production 10 may "provide insight into the tendencies of [the physicians]," the Court is not convinced that copies of medical reviews of other potential benefits recipients will contain indicia of bias as to the instant Plaintiff. Therefore, Defendant is required to respond to Interrogatories 7 and 9 and Request for

Production 6, but not Request for Production 10.

**B.    Individual Employees**

Interrogatories 1-2, 13-14, and 17, and Requests for Production 2-4 concern information regarding "the individuals responsible for terminating [Plaintiff's] claim." [#22] at 8.    Defendant opposes Request for Production 2, concerning personnel files, and Request for Production 4, concerning "targets or goals" in terms of closed or denied claims. [#27] at 17.

As noted above, in his concurring opinion in *Glenn*, Chief Justice Roberts noted that an ERISA conflict of interest "may be shown by evidence of other improper incentives." *Glenn*, 554 U.S. at 123.   Therefore, Plaintiff is entitled to discovery on any financial incentives given to employees involved in denying her claim.   *See Almeida*, 2010 WL 743520 at *3; *see also Sanders v. Unum Life Ins. Co. of N. Am.,* No. 4:08 CV 421 JLH, 2008 WL 4493043, at *4 (E.D. Ark. Oct. 2, 2008) (permitting discovery relating to any financial incentives anyone might have had to deny plaintiff's claim); *Burgio v. Prudential Life Ins. Co. of Am.,* 253 F.R.D. 219, 234 (E.D.N.Y. 2008) (allowing discovery of information relating to compensation awards paid to individuals involved in denial of plaintiff's claim); *see also Fischer*, 2009 WL 734705, at *4 (collecting cases).   Thus, Defendant must respond to Request for Production 4.

However, the Court does not find compelling Plaintiff's argument regarding the relevance of individual employees' complete personnel files.   The Tenth Circuit has recognized that "personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly." *James v. Heuberger Motors, Inc.*, No. 10-cv-01648-CMA-KLM, 2011 WL 334473, at *5 (D. Colo. Jan. 28, 2011) (citing *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir.

2008)).  Nevertheless, "relevancy is broadly construed and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party."  *Id.* (citing *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005)).

Plaintiff argues that "[e]vidence of these individuals' biases could certainly be contained in a personnel file."  [#28] at 12.  This argument raises the specter of a fishing expedition, rather than a reasoned request for discovery.  As stated above, financial incentives may demonstrate bias on part of employees, and Plaintiff will obtain information regarding financial incentives in response to the other Interrogatories and Requests for Production relevant to this issue.  Thus, the Court sees no need to allow "willy-nilly" production of individual employees' personnel files, and Defendant need not respond to Request for Production 2.

**C.     Internal Guidelines and Procedures**

Interrogatories 11, 15, and 16, and Requests for Production 8 and 9 concern discovery of Defendant's internal guidelines and procedures.  [#22] at 9.  Defendant is willing to produce its claims manual, but no additional responsive information, and Defendant objects to producing a witness for a Rule 30(b)(6) deposition as to the claims manual.  [#27] at 18.  Plaintiff does not address Defendant's position in her Reply.  *See* [#28].

Review of the relevant Interrogatories and Requests for Production demonstrates to the Court that Defendant's production of its claims manual, in addition to the discovery responsive to the other requests at issue in this Motion, is adequate.  Interrogatory 11 appears to the Court to be duplicative of Request for Production 6, and the Court assumes that the information requested in Interrogatories 15 and 16 is contained within the claims

manual. Further, production of the claims manual also appears to satisfy Requests for Production 8 and 9. Therefore, the Court finds that Defendant need not respond to Interrogatories 11, 15, and 16, or Requests for Production 8 and 9, other than by producing its complete claims manual. *See also Almeida*, 2010 WL 743520 at *4 (ordering production of plan administrator's internal guidelines and policies).

### III. Conclusion

IT IS HEREBY **ORDERED** that the Motion to Clarify [#22] is **GRANTED IN PART** and **DENIED IN PART** as stated herein. Defendant is not required to respond to Plaintiff's Interrogatories 11, 15, and 16, or Requests for Production 2, 8, 9, or 10 (other than production of the complete claims manual).

IT IS FURTHER **ORDERED** that the Joint Motion to Modify [#29] is **GRANTED**. The deadline for filing Plaintiff's Opening Brief is extended up to and including **October 9, 2012**.

Dated: July 9, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge